IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN-WILLIAM: STRUSS,<br><br>                  Plaintiff,<br><br>vs.<br><br>NEBRASKA FURNITURE MART,<br><br>                  Defendant. | 8:24CV487<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTIONS TO RECONSIDER AND REMAND |

This action was originally filed in the Small Claims Court in the County Court of Douglas County, Nebraska, by a *pro se* plaintiff who styles himself "Kevin-William: Struss, Beneficiary." Filing 1 at 1-1. Struss asserts among other claims violations of the Fair Credit Reporting Act (FCRA), ), 15 U.S.C. § 1681 *et seq.*, and the Fair and Accurate Credit Transactions Act (FACTA) amendment to the FCRA. Filing 1 at 1-1 at 3. On December 20, 2024, Defendant Nebraska Furniture Mart (NFM) removed this action to this Court and filed its Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Filing 2. Struss filed no response to NFM's Motion to Dismiss. However, on January 24, 2025, Struss filed two motions: his Motion to Remand Back to Douglas County Small Claims Court Nebraska, Filing 9, and his Motion to Reconsider, Filing 10. NFM filed a brief in opposition to Struss's Motions on January 28, 2025. Filing 11. For the reasons stated below, Struss's Motion to Remand and Motion to Reconsider are denied, and NFM's Motion to Dismiss is granted.

## I. INTRODUCTION

### A. Factual Background

Ordinarily, on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court draws the factual background to the case from the Complaint and considers

1

nonclusory allegations as true. *See Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (citing *Pietoso, Inc. v. Republic Servs., Inc.*, 4 F.4th 620, 622 (8th Cir. 2021)). Doing so is difficult in this case because Struss's Complaint provides scant if any nonclusory factual allegations.

Nevertheless, the Court gleans from Struss's Complaint that his claims arise from NFM allegedly "falsely reporting [Struss's] personal consumer transactions, as credit transaction." Filing 1-1 at 3. Struss alleges the following:

> Defendants willful/reckless actions, & violations of due process laws have led to slander/defamation of character,/trespass, emotional distress, damaging plaintiffs' ability to "contract" resulting in multiple discriminatory denial of credit extensions. Reporting such negative information as factual, willful knowingly/(misleading), (a piece of paper with a number on it is not),or **evidence** of debt or"late payment "see44 words and phrases Pem Ed. 138, page 12., when *in fact* this is an *alleged* late payment,or debt, false and misleading,**fraud**,thus false claim. All reporting without a court order/my written instructions, is thus hearsay, reporting of such tradelines, as if accurate, with no such evidence of, false claim/no veracity,inCalif rules of evidence, on hearsay and admissibility of.
>
> Reporting/furnishing to agencies of no authority, with no court order without my *written* consent is thus ultra-vires, criminal, RICO based crime/aggravated identity theft/characterassassination.
>
> Consumer notices said court this alleged late payment(s), has never been verified or validated, by ME.
>
> Plaintiff notices Courts of willful/reckless predatory business practices, laws on the book, over 50 years, defendant knew or should have known, "ignorantia of the law, is no excusata", violations of these lawscould bring much financial stress,hardship,emotional damage, causing*irreparable* harm. Plaintiff seeks for defendantsdefiant, reckless willful, egregious, unconscionable conduct, i.e.Calif. business and professions code, (17200),wasted time, energy and money, years of writing this defendant, no remedy. Plaintiff demands immediate deletion of negative tradeline, and maximum award as allowed in this said of (limited) jurisdiction.

Filing 1-1 at 3–4 (spacing, punctuation, and emphasis in original).

### B. Procedural Background

Struss filed his Claim and Notice to Defendant (Small Claims Court) on September 27, 2024, in the County Court of Douglas County, Nebraska. Filing 1-1 at 1. In an attached Addendum, Struss alleges "multiple violations of the FCRA and state laws, including falsely reporting my personal consumer transactions, as credit transactions[,] [v]iolations of the FCRA/FACTA, due process rights, and business codes and professions statutes, regarding (NPI), non public information." Filing 1-1 at 3. Struss asserts that the FCRA is "reinforced" by other acts of Congress, and he cites or quotes parts of various statutes. Filing 1-1 at 3. The remainder of his allegations are quoted above in section I.A. *See* Filing 1-1 at 3–4. Struss asserts "that defendant(s) owe(s) and should be ordered to pay to [him] the sum of $6,000.00 and costs of this action." Filing 1-1 at 1.

On December 20, 2024, Defendant Nebraska Furniture Mart (NFM) removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. Filing 1 at 1. That same day, NFM filed its Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Filing 2. Struss filed no response to NFM's Motion to Dismiss. However, on January 24, 2025, Struss filed two motions. His first motion is his Motion to Remand Back to Douglas County Small Claims Court Nebraska. Filing 9. His second motion is his Motion to Reconsider, in which he asks the Court "to reconsider any orders or judgments in this matter on the grounds that Plaintiff has not received proper notice of this case[']s removal to this court or any other notices regarding this matter." Filing 10 at 1. As NFM argues it its response to Struss's Motions, the record demonstrates those Motions are without merit. Filing 11.

3

## II. LEGAL ANALYSIS

The Court begins its legal analysis with Struss's Motions. The Court will then turn to NFM's Motion to Dismiss.

### A. Struss's Motions

*1.   Struss's Motion to Remand Is Without Merit Where Removal Was Proper and Struss Had Proper Notice*

Struss's first motion is his Motion to Remand Back to Douglas County Small Claims Court Nebraska. Filing 9. In this Motion, Struss states the following:

> This case was filed into the Douglas County Small Claims Court Omaha, NE, as per the Fair Credit Reporting Act 15 U.S.C. § 1681p so as to give Plaintiff a level playing field in dealing with the improper credit reporting by Defendant. This code allows litigation in any court of competent jurisdiction which also includes small claims court. Also establishes jurisdiction to hear this matter. By continuing in this court and without having received proper service, Defendant is attempting to deny Consumer Plaintiff due process of law by forcing Plaintiff into a venue that is beyond Plaintiff[']s ability to litigate, too costly to proceed and denial of a speedy trial. In short, the attorney for Defendant is playing dirty tricks to deny Plaintiff due process of law. The proper venue of law for this matter is the Douglas County Small Claims Court Omaha, NE
>
> Consumer Plaintiff also requests of this court to reprimand the attorneys for Defendant for engaging in deceptive practices and moral turpitude for the actions that have been taken against Plaintiff.

Filing 9 at 1–2.

The federal removal statute on which NFM relied to remove this action from state court provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). As the Eighth Circuit Court of Appeals has explained,

> Federal courts have original jurisdiction over all civil actions "arising under" federal law. 28 U.S.C. § 1331. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The

4

rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (internal citations omitted).

*Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020).

In this case, the federal question is presented on the face of Struss's complaint because Struss explicitly relies on the FCRA/FACTA—federal statutes providing the relief he seeks—as well as his right to due process under the United States Constitution as the grounds for his claims. Filing 1-1 at 3; *Wullschleger*, 953 F.3d at 521 (finding that federal question jurisdiction is apparent on the face of the complaint where plaintiffs "rely explicitly on federal law throughout their pleadings"). Thus, Struss's action was properly removed based on federal question jurisdiction.

Because Struss's action was properly removed to federal court, NFM's removal of the action did not involve "playing dirty tricks" or "deny[ing] Plaintiff due process of law." *See* Filing 9 at 1 (making these allegations). The Douglas County Small Claims Court was not the only proper court to hear Struss's action as Struss seems to contend even if it was the court he preferred. Filing 9 at 1 ("The proper venue of law for this matter is the Douglas County Small Claims Court Omaha, NE").[1] The FCRA expressly grants this federal district court as well as state courts "of competent jurisdiction" the power to hear FCRA claims. 15 U.S.C. § 1681p. ("An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any

---

[1] Struss's assertion that state court is the proper "venue" is incorrect. "Venue" for a lawsuit

> refers to the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts in general, and does not refer to any grant or restriction on subject-matter jurisdiction providing for a civil action to be adjudicated only by the district court for a particular district or districts.

28 U.S.C. § 1390(a). Struss's challenge is not to the geographic specification but to this Court's and the state court's ability to hear his claims, *i.e.*, to the Court's subject-matter jurisdiction.

other court of competent jurisdiction. . . ."). Thus, either this United States District Court or the state court has the power to hear Struss's FCRA claims. Although Struss might have preferred to remain in state court, his explicit pleading of federal claims means that removal to federal court was not improper. *Wullschleger*, 953 F.3d at 521.

Struss also asserts that he did not receive proper notice of removal of this action to this Court or of NFM's Motion to Dismiss. The record contains proof of adequate service of both. NFM's Notice of Removal filed in this Court bears a certificate of service showing that electronic notification of the Notice was sent by the CM/ECF system and that NFM also sent a copy of the Notice by first class United States mail to Struss at an address in Kansas on December 20, 2024. Filing 1 at 3. That Kansas address is the same as the address Struss put on his Claim and Notice to Defendant in Small Claims Court, Filing 1-1 at 1, and it is the same as the return address Struss later used when mailing his Motion to Remand, Filing 9 at 3. The Notice of Removal in this Court was electronically mailed to Struss at a gmail.com address by the CM/ECF system. Filing 1, Notice of Electronic Filing. Likewise, NFM's Notice of Removal of Action to Federal Court filed in the Small Claims Court indicates e-service on Struss via the state court's eFiling System and mailing to Struss at the same physical address in Kansas. Filing 1-3 at 2. NFM's Motion to Dismiss indicates electronic notification by the CM/ECF system as well as mailing of the Motion to Struss at the same physical address in Kansas. Filing 2 at 2. Again, the Motion to Dismiss was electronically mailed to Struss at a gmail.com address by the CM/ECF system. Filing 2, Notice of Electronic Filing. Thus, there has been no failure to notify Struss of either the removal or the Motion to Dismiss, so no purported lack of notice warrants remand of this action to state court.

Struss's Motion to Remand is denied.

6

2.  *Struss's Motion to Reconsider Is Without Merit Where He Had Notice and the Only Court Order Was Not Manifestly Erroneous*

Struss has also filed a Motion to Reconsider asking the Court "to reconsider any orders or judgments in this matter on the grounds that Plaintiff has not received proper notice of this case[']s removal to this court or any other notices regarding this matter." Filing 10 at 1. Struss represents further, "Plaintiff has not received any proof of service for any filings in this matter except a one page proposed order to this court received January 15th." Filing 10 at 1; *see also* Filing 10 at 1 ("[T]he only notice that Plaintiff has received is what appears to be a proposed order from this court."). Struss argues as follows:

> This case was filed into small claims court as per the Fair Credit Reporting Act 15 U.S.C. § 1681p so as to give Plaintiff a level playing field in dealing with the improper credit reporting by Defendant. This code allows litigation in any court of competent jurisdiction which also includes small claims court, [sic] By continuing in this court and without having received proper service, Defendant is attempting to deny Consumer Plaintiff due process of law by forcing Plaintiff into a venue that is beyond Plaintiff[']s ability to litigate, too costly to proceed and denial of a speedy trial.

Filing 10 at 1–2. Thus, Struss's grounds for reconsideration of any orders are essentially the same as his grounds for remand, which the Court rejected above.

Also, "[a] 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). However, the Eighth Circuit Court of Appeals has explained, "Rule 59(e) motions are motions to alter or amend a judgment, not any nonfinal order." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (emphasis in original); *Kohlbeck v. Wyndham Vacation Resorts, Inc.*, 7 F.4th 729, 734 n.2 (8th Cir. 2021) (noting that a motion under Rule 59(e) "is reserved for final judgments"). The Eighth Circuit has explained that it "construes motions for reconsideration of non-final orders as

7

motions under Rule 60(b). . . ." *Kohlbeck*, 7 F.4th at 734 n.2 (citing *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018)). The only order entered in this case prior to the present Memorandum and Order is General Order No. 2022-04 for management and assignment of cases filed by a plaintiff or petitioner without counsel. Filing 5. Thus, Rule 60(b) is the applicable rule for Struss's Motion to Reconsider.

The Eighth Circuit Court of Appeals has elaborated on the Rule 60(b) standards, as follows:

> Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted); *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam). "We will reverse a district court's ruling on a Rule 60(b) motion only if there was a clear abuse of the court's broad discretion." *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807 (8th Cir. 2002). Relevant here, "[a]n error of law is necessarily an abuse of discretion." *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013).

*Williams*, 891 F.3d at 706; *accord Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 842 (8th Cir. 2022) ("[Federal] Rule [of Civil Procedure] 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." (quoting *In re Levaquin Prod. Liab. Litig.*, 739 F.3d 401, 404 (8th Cir. 2014))).

"In the civil context, [the Eighth Circuit] has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)); *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) ("Motions for reconsideration [pursuant to Rule 60(b)] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988))).

General Order No. 2022-04 was appropriate both legally and factually in this case where Struss filed his Claim and Notice to Defendant without the aid of counsel. Thus, there is no manifest error of law or fact that requires reconsideration of that General Order. *Luger*, 837 F.3d at 875. Struss's Motion to Reconsider is denied.

### B.  NFM's Motion to Dismiss

The Court now turns to NFM's Motion to Dismiss, which states that it is pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Filing 2 at 1. The Court begins its analysis of this Motion with a summary of the applicable standards.

   *1.   Standards for Rule 12(b)(6) Dismissal*

As the Eighth Circuit Court of Appeals recently explained,

> "[M]atters removed to federal court are governed by the current federal pleading standard." *Novak v. JPMorgan Chase Bank, N.A.*, 518 F. App'x 498, 501 (8th Cir. 2013) (unpublished per curiam); *see* Fed. R. Civ. P. 81(c)(1). Thus, we apply Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *[Bell Atl. Corp. v.] Twombly*, 550 U.S. [544,] 554–56, 127 S.Ct. 1955 (2007).

*Hunter v. Page Cnty., Iowa*, 102 F.4th 853, 874 (8th Cir. 2024).

The typical ground for Rule 12(b)(6) motions is the insufficiency of the factual allegations offered to state claims. To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "'threadbare recitals of the elements of a cause of action' cannot survive a [Rule 12(b)(6)] motion to dismiss." *Du Bois v. Bd. of Regents of Univ. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, as the Eighth Circuit Court of Appeals has explained, "A claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just

9

'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83). To put it another way, a court "must determine whether a plaintiff's complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (quoting *Braden v. WalMart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)).

"A claim is plausible when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Christopherson v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678). In contrast, "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility." *Id.* (internal quotation marks and citations omitted). The Eighth Circuit Court of Appeals has cautioned that "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594.

In ruling on a Rule 12(b)(6) motion, a court must "accept 'the facts alleged in the complaint as true and draw[ ] all reasonable inferences in favor of the nonmovant.'" *Bauer v. AGA Serv. Co.*, 25 F.4th 587, 589 (8th Cir. 2022) (quoting *Pietoso, Inc. v. Republic Servs., In*c., 4 F.4th 620, 622 (8th Cir. 2021)). On the other hand, "[m]ere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotation marks and citations omitted). A court also need not accept a pleader's "legal conclusions drawn from the facts." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021).

The Court is mindful that pleading standards are more liberal for *pro se* plaintiffs. The Eighth Circuit has explained, "A pro se complaint must be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and 'pro se litigants are held to a lesser pleading standard than other parties[,]' *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)." *Stone*, 364 F.3d at 915. In addition, "it is the facts alleged in a complaint, and not the legal theories, that state a claim," and "federal courts must examine a complaint to determine if the allegations set forth a claim for relief." *Topchian*, 760 F.3d at 849 (citations omitted). Accordingly, courts must "decide whether [the *pro se* plaintiff] has pleaded sufficient facts in his amended complaint to state a claim under any legal theory. If he has, his . . . complaint should not [be] dismissed." *Id.*

The Court noted above that Struss failed to respond to NFM's Motion to Dismiss. That does not change the standards applicable to NFM's Motion to Dismiss, however. Under the applicable local rule, "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1(C). Thus, Struss's failure to respond notwithstanding, the Court must consider whether his Complaint fails to state a claim on which relief can be granted.

2. *Struss's Complaint Fails to Offer Nonconclusory Factual Allegations that Plausibly Support Any Claims*

NFM's argument is in essence, "The initial pleading contains various legal conclusions, but no factual content to support them. Accordingly, NFM respectfully requests that that [sic] plaintiff's pleading be dismissed for failure to state a claim." Filing 3 at 1. More specifically, NFM asserts that Struss's Complaint is "threadbare," because even giving it a "charitable" construction, once the Court disregards legal conclusions couched as factual allegations, Struss has not alleged factual allegations that state a claim. Filing 3 at 3.

11

The Court agrees. Struss has not alleged nonconclusory facts from which the Court could determine if the factual allegations set forth any claim for relief, even recognizing that Struss is *pro se*, that "it is the facts alleged in a complaint, and not the legal theories, that state a claim," and that "federal courts must examine a [*pro se*] complaint to determine if the allegations set forth a claim for relief." *Topchian*, 760 F.3d at 849. Struss does not even offer "threadbare recitals of the elements of a cause of action," which "cannot survive a [Rule 12(b)(6)] motion to dismiss." *Du Bois*, 987 F.3d at 1205 (quoting *Iqbal*, 556 U.S. at 678). He makes at best passing reference to some statutory prohibitions without any factual allegations that plausibly connect those statutory requirements to his case. His Complaint is a textbook example of "[m]ere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level," so that it is "insufficient to support a reasonable inference that the defendant is liable." *Richardson*, 2 F.4th at 1068 (internal quotation marks and citations omitted). Again, a court need not accept a pleader's "legal conclusions drawn from the facts." *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 755 (8th Cir. 2021). It follows that the Court is under even less obligation to accept a pleader's legal conclusions when the pleader pleads no facts. To put it another way, when no factual matter is pleaded a complaint cannot contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face. *Far E. Aluminium Works Co.*, 27 F.4th at 1364,

Defendants also make some arguments challenging the legal cognizability of Struss's claims. *See, e.g.,* Filing 3 at 4 (arguing that the FCRA civil liability provisions do not apply to violation of 15 U.S.C. § 1681s–2(a)). It is true that Rule 12(b)(6) also permits dismissal when a claim is not cognizable under applicable law, as well as for failure to plead a plausible factual basis for a claim. *See, e.g., Couzens v. Donohue*, 854 F.3d 508, 517 (8th Cir. 2017) (dismissal

was appropriate where Missouri did not recognize a claim for false light invasion of privacy); *Thomas v. Bd. of Regents of Univ. of Nebraska*, No. 4:20CV3081, 2022 WL 1491102, at *18 (D. Neb. May 11, 2022) (agreeing with defendant that the plaintiffs had failed to state a claim, because a disparate-impact claim is not cognizable under the Equal Protection Clause); *Freeney v. Galvin*, No. 8:19CV557, 2020 WL 229996, at *2 (D. Neb. Jan. 15, 2020) (finding the plaintiff failed to state a § 1983 claim against the manager of his private place of employment because such a claim is not cognizable where a private person is not a state actor or engaged in joint action with the state or its agents). Nevertheless, the Court finds it unnecessary to consider whether any of the claims that Struss might be attempting to assert are legally cognizable when the factual allegations are so woefully insufficient to state a claim upon which relief can be granted.

### III. CONCLUSION

Upon the foregoing,

IT IS ORDERED that

1. Plaintiff Struss's Motion to Remand Back to Douglas County Small Claims Court Nebraska, Filing 9, is denied;

2. Plaintiff Struss's Motion to Reconsider, Filing 10, is denied; and

3. Defendant NFM's Motion to Dismiss, Filing 2, is granted, and this case is dismissed in its entirety.

Dated this 13th day of February, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge